IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VICTORIA PETTY; and TOMMY PETTY                                          PLAINTIFFS

vs.                                                                      No. 1:07CV144-D-D

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                        DEFENDANT

## OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Oktibbeha County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

### A. Factual Background

On September 5, 2006, the Plaintiff Victoria Petty was involved in a motor vehicle accident in Starkville, Mississippi. Petty, who was an insured under five stackable Uninsured/Underinsured Motorist policies issued by the Defendant State Farm with applicable total available coverage of $100,000, asserts that she incurred medical bills of approximately $8,500 as a result of the accident.

The Plaintiffs filed suit in the Circuit Court of Oktibbeha County on May 18, 2007, alleging that the Defendant State Farm's refusal to pay the Plaintiffs' claim in connection with the subject accident renders it liable under various causes of action including breach of contract, bad faith breach of contract, and loss of consortium. The Plaintiffs seek both compensatory and punitive damages.

The Defendant removed the case to this court asserting diversity jurisdiction as the jurisdictional basis for removal. Thereafter, the Plaintiffs motioned the court to remand this matter to state court contending that because the amount in controversy requirement has not been satisfied, federal diversity jurisdiction does not exist and this court lacks subject matter jurisdiction.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Here, the Defendant alleges that the requirements for diversity jurisdiction are satisfied. The Plaintiffs assert, however, that diversity jurisdiction does not exist because the Defendant has not proven that the Plaintiffs' claims are for more than $75,000.[1]

For the reasons set forth below, the court finds that the Plaintiffs' contentions are incorrect. The Defendant has met its burden of establishing the existence of federal diversity jurisdiction, and the Plaintiffs' motion to remand this cause shall therefore be denied.

### C. Discussion

#### 1. Amount in Controversy

The Plaintiffs are not seeking a specified amount of damages. Instead, the complaint simply requests that the Plaintiffs be awarded "damages in an amount to be determined upon a trial of this cause . . . punitive damages . . . [and] the cost[s] of this action, including reasonable attorney's fees

---

[1] The Plaintiffs do not dispute that diversity of citizenship exists between the parties.

. . ." See Complaint at 4.

It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938)). When a plaintiffs' complaint does not allege a specific amount of damages, however, the removing defendant may establish federal diversity jurisdiction if it can prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. De Aguilar, 47 F.3d at 1409. This burden is deemed to be met if it is "facially apparent" from the plaintiffs' complaint that the amount in controversy exceeds the jurisdictional minimum. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. Allen, 63 F.3d at 1336. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiffs, as well as the nature of the damages sought. Id. at 1335.

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiffs show that, as a matter of law, it is certain that they will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiffs' claim are for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

2. The Plaintiffs' Claims

Because the Plaintiffs do not seek a specified amount of damages, the court must first determine whether the Defendant has satisfied its burden of proving that the amount in controversy in this action exceeds $75,000. The Defendant claims that the nature of the Plaintiffs' claims, the amount of potential insurance available, and their request for an award of punitive damages establish that the amount in controversy in this matter exceeds $75,000. In addition to compensatory and punitive damages, the Plaintiffs also seek damages for loss of consortium.

It is well settled that claims for punitive damages, in addition to claims for compensatory damages, are included in the calculation of the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Myers v. Guardian Life Ins. Co. of America, Inc., 5 F. Supp. 2d 423, 428-29 (N.D. Miss. 1998).

In light of the Plaintiffs' inclusion of claims for bad faith and for punitive damages, the fact that $100,000 in uninsured/underinsured insurance benefits is available, and due to the size of the jury verdicts often rendered in Mississippi in tort cases, the court finds by a preponderance of the evidence that it is facially apparent that the amount in controversy in this matter exceeds the jurisdictional limit of $75,000. Tort cases in Mississippi have in many instances resulted in jury verdicts for punitive damages far greater than $75,000. See e.g., Baker v. Washington Mut. Fin. Group, No. 98-0026 (Circuit Court of Holmes County, Mississippi) (jury award of $69 million in punitive damages); Holmes v. Trustmark Nat'l Bank, No. 93-4-47 (Circuit Court of Jones County, Mississippi) (jury awarded plaintiffs $38 million in punitive damages). In addition, the Defendant has presented additional evidence which demonstrates that the Plaintiffs' claim is for at least $75,000. Specifically, the Defendant has tendered a letter from the Plaintiffs' attorney offering to

settle this case for the available policy limits of $100,000, which is an amount in excess of the federal jurisdictional amount. Because the Plaintiffs' complaint failed to allege a specific amount of damages, this type of proof is sufficient to show beyond a preponderance of the evidence that the jurisdictional minimum is present. See generally, Sun Life Assur. Co. of Canada (U.S.) v. Fairley, 485 F. Supp. 2d 731 (S.D. Miss. 2007); Roberts v. Chandaleur Homes, Inc., 237 F. Supp. 2d 696 (S.D. Miss. 2002).

Having satisfied the first prong of the requisite two-prong test, the court must now determine whether the Plaintiffs have shown that, as a matter of law, it is certain that they will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. The Plaintiffs have not even attempted to meet this burden and have not stipulated that any recovery will not exceed $75,000.

The Plaintiffs' failure to stipulate that their damages do not exceed $75,000 leads the court to conclude that the Plaintiffs have failed to establish that they will not recover more than $75,000. The Plaintiffs could have easily filed an affidavit limiting their recovery to less than $75,000. Their failure to do so weighs heavily in favor of a finding that the Plaintiffs have not shown that it is a legal certainty that they will not recover more than $75,000.

Accordingly, pursuant to the foregoing authorities, the court finds both that it is facially apparent that the amount in controversy in this matter exceeds $75,000 and that the Plaintiffs have not shown that it is a legal certainty that they will not recover more than $75,000. The court therefore finds that federal diversity jurisdiction is present and the Plaintiffs' motion to remand should be denied.

## D. Conclusion

In sum, the court finds by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, and that the Plaintiffs have not shown that it is legally certain that they will not recover more than that amount. The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists - the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the 17 day of December 2007.

/s/ Glen H. Davidson
Senior Judge